On respondent's motion to dismiss filed July 7, 1999, motion denied March 1, 2000

## TIMOTHY JAMES PERDUE,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A101023)

997 P2d 277

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kelly Knivila, Assistant Attorney General, for motion.

Susan F. Drake, Deputy Public Defender, *contra*.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Respondent Board of Parole and Post-Prison Supervision (Board) moves to dismiss petitioner's petition for judicial review from a Board order revoking his parole. The Board asserts that petitioner's latest release from custody rendered the challenge moot. Petitioner counters that he continues to suffer consequences of the parole revocation; namely, that he is subjected to restrictive parole conditions that arise directly from the revocation. We deny the motion.

The material facts are not in dispute. In 1994, the Board released petitioner on parole. He remained on active supervision until June 24, 1997, when he was placed on inactive supervision. Over the next few months, a series of reports and hearings regarding possible parole violations culminated in a Board order revoking petitioner's parole on November 18, 1997. As a sanction, petitioner was returned to prison. Petitioner filed for administrative review and the Board denied relief. This petition followed. While the review was pending, petitioner was again released from custody on May 22, 1998.

In accordance with OAR 255-094-0000(4),[1] on his latest release petitioner became subject to the same minimum period of active supervision that was imposed when he was initially released from custody. Distinct and meaningful collateral consequences resulted from the reimposition of active supervision. For the minimum period imposed, active supervision places additional restrictions on petitioner's liberty, including the payment of supervision fees, travel restrictions, and the requirement to seek permission to change jobs or place of residence. OAR 255-094-0010(4).

The Board relies on *Barnes v. Thompson,* 159 Or App 383, 387, 977 P2d 431 (1999), where we held that an inmate's release rendered his petition for habeas corpus relief moot. In *Barnes,* the plaintiff argued that, because the Board improperly extended his projected parole release date

---

[1] OAR 255-094-0000(4) provides that "[u]pon revocation of supervision and rerelease to the community, the period of active supervision shall be as provided in OAR 255-094-0000(1) & (2) or to the expiration of the sentence, whichever is longer."

by two years, he was subjected to the collateral consequence of a longer period of active supervision than would otherwise have been the case. We concluded that any such consequence was speculative because the Board had discretion, under the parole system, whether and when to change "an inmate from active to inactive status and thus relieve[ ] the inmate from several conditions of parole * * *." *Id.* The necessary holding of *Barnes* was that no direct correlation existed between the length of the plaintiff's period of active supervision and the challenged action by the Board. *Id.* at 385.

Unlike the circumstances in *Barnes*, the consequences that this petitioner faces did not result from the exercise of Board discretion but, instead, followed automatically from the revocation of parole.[2] The Board concedes that distinction by noting that "petitioner's rerelease on parole *necessarily entailed* placement on active supervision for a minimum period." (Emphasis added.) Because petitioner's parole conditions correlate directly with the revocation of parole, a decision on the merits of petitioner's petition will have a practical effect on his rights. *See Bagby v. Oregon State Penitentiary*, 118 Or App 421, 428, 847 P2d 898 (1993).

The Board is indeed correct that "petitioner might have been required to remain on active supervision for that same period, had revocation never been ordered." However, the same principled caution that caused this court in *Barnes* to decline to speculate about when the plaintiff's existing period of active supervision might end leads us again to decline to speculate about what might have happened if revocation had never been ordered. Because a correlation exists between the challenged Board action and the consequences from which relief is sought, petitioner's petition is not moot.

Motion denied.

_____

[2] We noted in *Barnes* that we were discussing what the Board was allowed to do, not what it was required to do.

"Unlike the post-prison supervision system, which provides set periods of post-prison supervision for released inmates, the parole system *allows* the Board to release an inmate who has not finished serving his or her indeterminate prison sentence, and that person may be kept on parole until the sentence expires." *Id.* at 385 (emphasis added).